CASE NO. 13-57127

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Path Media Holdings, LLC, *et al*.

*Appellants,*

v.

R. Todd Neilson, Chapter 11 Trustee, *et al*.,

*Appellees.*

## RESPONSE TO APPELLANTS' REQUEST FOR JUDICIAL NOTICE

*Interlocutory appeal from the U.S. District Court for the Central District of California, Case No. 2:13-cv-07666-ABC (Hon. Audrey B. Collins, District Judge, Presiding), before which is currently pending an appeal from a final judgment of the U.S. Bankruptcy Court for the Central District of California, Adv. Proc. No. 2:13-ap-01552-SK (Hon. Sandra R. Klein, Bankruptcy Judge, Presiding)*

KLEE, TUCHIN, BOGDANOFF & STERN LLP
David M. Stern (State Bar No. 067697)
Michael L. Tuchin (State Bar No. 150375)
Robert J. Pfister (State Bar No. 241370)
Matthew C. Heyn (State Bar No. 227474)
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:   310-407-4000
Facsimile:   310-407-9090

*Attorneys for Appellees  R. Todd Neilson, Chapter 11 Trustee, and GGW Marketing, LLC*

Appellees GGW Marketing, LLC and R. Todd Neilson, solely in his capacity as chapter 11 trustee (the "Trustee") for GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC (collectively with GGW Marketing, the "Debtors") respectfully submit this response to Appellants' *Request for Judicial Notice* [Docket No. 8] (the "RJN"), to which is attached the Trustee's and GGW Marketing's recently-filed motion in the Bankruptcy Court seeking approval of certain procedures for the sale of substantially all of the Debtors' assets (the "Bid Procedures Motion").

Appellees have no objection to the Court taking judicial notice of the Bid Procedures Motion, though it is largely unrelated to the matter before this Court. As the briefing on the pending stay motion reflects, there has never been any question that the Debtors are seeking a sale to preserve the going-concern value of the Girls Gone Wild adult entertainment franchise. Indeed, the fact that such a sale is being pursued is the basis for Appellants' irreparable harm arguments – which both the Bankruptcy Court and the District Court properly rejected, given (among other things) the procedural safeguards built into the statutes and rules that govern sale of assets from a bankruptcy estate.

The filing of the Bid Procedures Motion does ***not***, as Appellants incorrectly assert on the cover page to the RJN, mean that the Bankruptcy Court is holding a hearing on February 20, 2014 "approving sale of trademarks free and clear of

1

claims." Rather, the Bid Procedures Motion seeks to establish procedures (in strict accordance with the pertinent statute and rules) for the conduct of a sale that has not yet occurred, and which will itself be subject to judicial approval at a hearing that the Debtors are seeking to have scheduled in April. If a sale takes place, and if a sale order is entered by the Bankruptcy Court, a "party aggrieved"[1] by the sale order will have the right to pursue an appeal and, if appropriate, to seek relief related thereto.

Interestingly, the RJN does illuminate a point that Appellees previously made, to wit the necessity – in the event this Court grants Appellants relief – of requiring a substantial bond. *See Appellees' Opposition to Urgent Motion for Stay Pending Appeal or, Alternatively, for Injunction Pending Appeal* ("Appellees' Stay Opposition"), Dkt. No. 5, at 19. In light of the fact that the Bid Procedures Motion anticipates a sale (albeit after a hearing) at a price of at least $1,825,000, with that opening offer subject to overbid, *see* Bid Procedures Motion at 2-3, the case for a bond is stronger now than before. Appellees submit the bond amount fixed by the Bankruptcy Court ($3,153,880.96) is reasonable, but it is clear the bond should be at least $1,825,000 or (given the overbid possibility) substantially higher.

Accordingly, although Appellees have no objection to judicial notice of the

---

[1] *See Nat'l Fire Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 393 F. App'x 467, 469 (9th Cir. 2010); *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 777 (9th Cir. 1999).

Bid Procedures Motion, the pending stay motion should be denied, or if granted, conditioned upon a substantial bond, for all the reasons set out in Appellees' Stay Opposition.

DATED: February 13, 2014

Respectfully submitted,

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: */s Robert J. Pfister*
　　　Robert J. Pfister

*Attorneys for Appellees R. Todd Neilson, Chapter 11 Trustee, and GGW Marketing, LLC*